Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5491 | **DATE** | 4/9/2003 |
| **CASE TITLE** | SULLIVAN-SEDLIZ vs. RODRIGUEZ, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for summary judgment [20-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 1 0 2003 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4/9/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

DOCKETED
APR 1 0 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HELEN SULLIVAN-SEDLIZ, )
)
Plaintiff, )
) No. 02 C 5491
v. )
) Suzanne B. Conlon, Judge
ERASMO RODRIGUEZ and )
CHICAGO BOARD OF EDUCATION, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Helen Sullivan-Sedliz ("Sullivan-Sedliz") sues Erasmo Rodriguez ("Rodriguez") and the Chicago Board of Education ("the Board")(collectively, "defendants") for violations of her First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 ("§ 1983"). The court previously dismissed Sullivan-Sedliz's claims against Rodriguez in his official capacity, for punitive damages against the Board and for retaliatory transfer. *See* Minute Order dated November 18, 2002. Defendants move for summary judgment on Sullivan-Sedliz's remaining § 1983 claims pursuant to Fed. R. Civ. P. 56.

## BACKGROUND

All facts are undisputed unless otherwise noted. Sullivan-Sedliz began her employment with the Board on March 14, 1969. In August 1996, Rodriguez selected Sullivan-Sedliz to fill a case manager position for special education students at Gallistel Language Academy ("Gallistel"). At all relevant times, Rodriguez was Gallistel's principal. During her employment, Sullivan-Sedliz reported directly to assistant principal Anthony Ragonese. As a case manager, Sullivan-Sedliz was responsible for conducting initial evaluations for potential special education students. The students were not charged for the evaluation.

In October 1996, Sullivan-Sedliz learned that a co-worker charged students for evaluations. Sullivan-Sedliz reported her co-worker to Ragonese. Around this time, Sullivan-Sedliz learned that

1

another co-worker also charged students for evaluations. On November 1, 1996, Sullivan-Sedliz reported both co-workers to Rodriguez. In January 1997, Sullivan-Sedliz informed Barbara Boxen, a special education liaison for the region, that she had been prevented from conducting evaluations since reporting her co-workers to Ragonese and Rodriguez. Sullivan-Sedliz subsequently told several co-workers about the unauthorized charges. In April 1997, Sullivan-Sedliz lodged a complaint with the Board's ethics investigation unit. The Board investigated Sullivan-Sedliz's complaint, but did not inform her of its findings.

Sullivan-Sedliz claims Rodriguez began harassing her after she reported her co-workers. In 1997, Rodriguez reassigned Sullivan-Sedliz from a first floor classroom to a third floor classroom after learning that she had suffered two heart attacks. The assignment required Sullivan-Sedliz to climb approximately 90 steps. Despite her requests, Sullivan-Sedliz was never reassigned to the first floor. During the 1999-2000 school year, Sullivan-Sedliz came in contact with Rodriguez on only two occasions. According to Sullivan-Sedliz, Rodriguez did not harass her on either occasion. Sullivan-Sedliz claims Rodriguez's harassment ceased in May 2000. Pl. Resp. to Def. Facts at ¶ 64.

In August 2000, Sullivan-Sedliz accepted a teaching position for severe and physically handicapped students at Goldsmith, another Chicago public school. Sullivan-Sedliz currently works for the Board as the special education department chair for Juarez High School.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d

2

969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Sullivan-Sedliz's § 1983 Claim

Defendants claim Sullivan-Sedliz cannot establish a retaliation claim under § 1983. Section 1983 imposes civil liability on any person who, acting under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. In order to state a retaliation claim under § 1983, Sullivan-Sedliz must prove: (1) her conduct was constitutionally protected; and (2) her actions were a substantial or motivating factor in defendants' alleged deprivation. *Kelly v. Municipal Courts of Marion County*, 97 F.3d 902, 911 (7th Cir. 1996). Any deprivation under color of law that is likely to deter the exercise of free speech is actionable. *Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000). Defendants concede that Sullivan-Sedliz can prove her conduct was constitutionally protected, but claim that she cannot point to any actionable deprivation within the limitations period.

Sullivan-Sedliz claims her alleged constructive discharge within the limitations period constitutes an actionable deprivation. According to Sullivan-Sedliz, she was "compelled to take a lesser, teaching position" at Goldsmith because of "conditions at Gallistel." *See* Pl. Resp. at 7-8. *See also* Pl. Facts at ¶ 36, *citing* Pl. Dep. at 28, 32, 37 and 39. However, Sullivan-Sedliz fails to provide evidence identifying the conditions at Gallistel that led to her decision to accept the transfer. Without this evidence, Sullivan-Sedliz cannot establish that her voluntary transfer constitutes an actionable deprivation under § 1983. *See Powers*, 226 F.3d at 820, *citing DeGuiseppe v. Village of Bellwood*, 68 F.3d 187, 191 (7th Cir. 1995)("action of which the employee is complaining must be sufficiently 'adverse' to deter the exercise of those rights").

### A. Sullivan-Sedliz's § 1983 Claim against the Board

Even if Sullivan-Sedliz could establish she suffered an actionable deprivation, she fails to establish a § 1983 claim against the Board. In order to prove a § 1983 claim against the Board,

3

Sullivan-Sedliz must establish the constitutional deprivation was caused by an official municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). "To establish a municipal policy or custom, plaintiffs must allege a specific pattern or series of incidents that support the general allegation of a custom or policy; alleging one specific incident in which the plaintiff suffered a deprivation will not suffice." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986). The record does not contain any evidence that the Board routinely retaliated against individuals who exercised their constitutional rights. Rather, Sullivan-Sedliz claims that the Board deprived her of her First Amendment right to speak out on matters of public concern by failing to properly investigate her complaint and/or failing to rectify Rodriguez's decision to place her in a classroom on the third floor. Pl. Resp. at 8-9. As in *Henry*, Sullivan-Sedliz alleges only one unconstitutional act committed by the Board against her. Absent any evidence supporting a custom or policy, Sullivan-Sedliz fails to establish a § 1983 claim against the Board.

### B. Sullivan-Sedliz's § 1983 Claim Against Rodriguez

Nor can Sullivan-Sedliz establish a § 1983 claim against Rodriguez. According to Sullivan-Sedliz, Rodriguez's "harassment and conduct was sufficiently adverse to deter her from exercising her right to free speech and the defendants' motion must be denied." Pl. Resp. at 11. However, Sullivan-Sedliz admits that Rodriguez's harassment ceased as of May 2000.[1] Pl. Resp. to Def. Facts at ¶ 64. Sullivan-Sedliz filed her complaint on August 2, 2002, which makes any retaliation claim based on Rodriguez's harassment untimely. *See Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999)(two year statute of limitations for § 1983 claims arising in Illinois).

Moreover, Sullivan-Sedliz does not offer any evidence that Rodriguez's alleged harassment influenced her decision to accept the transfer to Goldsmith in August 2000. *See Nat'l R.R. Passenger Corp. v. Morgan*, 122 S.Ct. 2061, 2074 (2002)("Provided that an act contributing to the

---

1      Absent a showing of personal knowledge, Sullivan-Sedliz's claim that Rodriguez sent teachers into her classroom until her departure in August 2000 must be disregarded. *See Joseph P. Caulfield & Associates, Inc. v. Litho Productions, Inc.*, 155 F.3d 883, 888 (7th Cir. 1998)(witness lacking personal knowledge cannot raise issue of fact through deposition testimony).

4

claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability"). Nor could she. *See Sweeney v. West*, 149 F.3d 550, 557 (7th Cir. 1998)(claim based on constructive discharge requires evidence that quitting was the only way the plaintiff could extricate herself from the intolerable conditions). Under these circumstances, Sullivan-Sedliz cannot establish her § 1983 claim against Rodriguez. *See Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996)("An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation").

## CONCLUSION

Defendants are entitled to judgment as a matter of law on Sullivan-Sedliz's § 1983 claims.

April 9, 2003

ENTER:

Suzanne B. Conlon
United States District Judge